**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathryn S McGonigle, | No. CV-24-00209-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Banner University Medical Center, et al., | |
| Defendants. | |

On January 30, 2024, Plaintiff, who is proceeding *pro se*, initiated this action by filing a complaint and paying the filing fee.

In the complaint, Plaintiff alleges that she went to Banner University Medical Center in January 2022 to seek treatment for "Acute Trauma" to her left leg, but her surgery was improperly "postponed for sixteen-hours," and that this "extended delay; plus, a failure to diagnose Plaintiff's other injuries, left her disabled and in excruciating pain." (Doc. 1 at 4.) Plaintiff characterizes these actions and inactions as "[t]he Defendant's Breach of The Standard of Care." (*Id.*) The three named defendants are: (1) Banner Health Medical Center; (2) Dr. Joseph Brock Walker (an "attending physician—orthopedic surgeon"); and (3) "Banner Health." (*Id.* at 2.)

It is clear from the face of the complaint that Plaintiff is attempting to assert a state-law medical malpractice claim against these defendants, and Plaintiff affirmed that understanding in a pair of motions she filed concurrently with her complaint. In one of those motions, Plaintiff states that "[t]his is a medical malpractice action, which requires a

'Expert Medical Witness Affidavit,' which is an Arizona requirement," and requests an extension of time to obtain and file the required affidavit. (Doc. 4.) In the other motion, Plaintiff again clarifies that "[t]his is a medical malpractice action" and seeks an extension of the statute of limitations. (Doc. 5.)

Unfortunately for Plaintiff, the Court lacks subject-matter jurisdiction over the claim she seeks to assert. In the complaint, Plaintiff does not contend that diversity jurisdiction exists here. (Doc. 1 at 3 [not checking "Diversity of Citizenship" box in portion of complaint requiring specification of the "Basis for Jurisdiction"].) Nor could Plaintiff make such a contention, given her acknowledgement elsewhere in the complaint that she and all three defendants are citizens of Arizona. (*Id.* at 3-4.) Instead, Plaintiff contends that federal-question jurisdiction exists. (*Id.* at 3.) However, her supporting explanation (just like her concurrently-filed motions) makes clear that she is not asserting a federal claim and instead is asserting a state-law medical malpractice claim. (*Id.* [in response to the query "List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," writing: "That all of the injuries and damages sustained by Plaintiff were the direct and proximate result of the negligent actions and breaches of the applicable standars [sic] of care by all defendants without any act or omission on the part of the Plaintiff directly thereunto contributing"].)

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Here, it is clear that subject-matter jurisdiction is lacking, so this action must be dismissed without prejudice. *Cf. Mackay v. Keenan Mercedes Benz*, 340 F. App'x 127, 128 (3d Cir. 2009) ("[T]he District Court correctly concluded that it lacked jurisdiction over Mackay's complaint. First, Mackay's complaint presented no federal question jurisdiction as it did not allege that Keenan violated any federal statute or the United States Constitution. Second, jurisdiction could not be based upon diversity of citizenship between the parties

because Mackay and Keenan are both citizens of the Commonwealth of Pennsylvania. Therefore, the District Court correctly concluded that it lacked subject matter jurisdiction over Mackay's complaint . . . .") (citations omitted); *Bracho v. Clark Cnty. Court Interpreters Servs.*, 2020 WL 5803960, *2 (D. Nev. 2020) ("Plaintiff does not allege how this Court has jurisdiction over this matter. A breach of contract claim is a state law claim, so there is no federal question at issue. Plaintiff lives in Las Vegas according to the complaint and it appears that the defendant has its [principal] place of business in Nevada, so there is no diversity of citizenship. This Court lacks subject matter jurisdiction and the Court dismisses this case.").

Accordingly,

**IT IS ORDERED** that:

1. The complaint (Doc. 1) and this action are **dismissed without prejudice**. The Clerk shall enter judgment accordingly.

2. Plaintiff's motions (Docs. 4, 5) are **denied as moot**.

Dated this 31st day of January, 2024.

Dominic W. Lanza
United States District Judge